Nash, J.
 

 This is an action on a constable’s bond against his surety. The constable, Gregory, was appointed by the County Court, at its December Term, 1838. Two, breaches are assigned, under neither of which is the defendant liable to the plaintitf’s action. The judgments-were put into the hands of Gregory by the relator in July 1839, and the money collected by him in December following.
 

 By the act of 1836 — Rev. Stat. ch. 24, see.
 
 2,
 
 constables are directed to be elected annually by the qualified voters in each captain’s district, “ at any time within one month preceding the first County Court held in the several counties, after the first day of January in each year,” &c. By the 4th and 6th sections the County Court is authorised to supply such vacancies as might occur by any of the means
 
 *256
 
 therein specified, and the persons so chosen -are qualified to act until the next election. The case does not show the reason of the vacancy, nor is it important. The Court had no power to act except in the cases provided for, and it must be presumed they rightly acted. The appointment of Gregory, therefore, was for the unexpired portion of the constabulary year — namely: from December 1838, until the next election in 1839, or until the time when, by law, the election ought to take place, which was at the first County Court after the first day of January, 1839. When the papers were put into his hands for collection, he was not a constable, and his sureties were not bound tor his acts.
 
 State vs. Lackey
 
 3, Ired.
 
 25
 
 — State
 
 vs. Wilroy
 
 10, Ired.
 
 329
 
 — State
 
 vs. Burcham
 
 11, Ired. 436.
 

 Per Curiam. Judgment affirmed.